OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of robbery, burglary and related charges. The evidence at trial was that defendant and others entered a doctor’s office and robbed both the doctor and his wife. Prior to being robbed, the doctor was able to call the police, and defendant and his companions were arrested on the scene. During the trial, defendant’s wife directed the following remark in Chinese to a testifying complaining witness: “Be careful of what you say. It’s not going to be good for you.” The defense attorney moved for a mistrial but, after the court interviewed the jurors, his request was denied. Following this statement the court questioned each juror as to the effect the remark might have on his or her ability to render a fair and impartial verdict. One juror, who stated that he might blame the defendant for the remark, was excused. A second juror answered the court’s inquiry by stating, “I just think that it’s a reflection on the person on trial. I couldn’t say it any better than that.” No further questions were put to the juror. The defense attorney did not seek further questioning or removal of the juror, but merely asked that the members of the jury be given a cautionary instruction that they ignore the remarks of defendant’s wife in their deliberations. The Judge gave that instruction.
We reject defendant’s contention that the trial court’s failure to remove the second juror fell into the limited category of “mode of proceedings” errors, that is, errors which are so adverse to fundamental trial procedures that they taint the entire trial and do not require preservation (People v Gray, 86 NY2d 10, 21-22; People v Agramonte, 87 NY2d 765, 769-770).
We also reject the defendant’s contention that consecutive sentences could not be imposed. The court sentenced the defendant to 12V2 to 25 years for the robbery of the doctor, I2V2 to 25 years for the robbery of the doctor’s wife, to be served consecutively to the first sentence, and 5 to 15 years for *989 burglary, to be served consecutively to the robbery sentences. Defendant argues that all of the sentences should be concurrent because the use of a firearm was an element of each of the convictions. Penal Law § 70.25 (2) requires concurrent sentences “[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other.” Here, the crime of burglary in the first degree was complete when defendant entered the office with a firearm with the intent to commit a crime (see, Penal Law § 140.30). The actions on which the convictions for robbery in the first degree (Penal Law § 160.15) were based constituted separate acts (see, People v Brown, 80 NY2d 361; People v Ramirez, 89 NY2d 444). Thus, the court did not err in imposing consecutive sentences.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed in a memorandum.