■ In the Matter of JEFFREY T. HAMPSHIRE, Petitioner, v JERRY J. SCARANO, as County Judge of Saratoga County, et al., Respondents. [705 NYS2d 130] —Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit, *inter alia*, a physical examination of petitioner and the testing of samples of his blood, hair and saliva.

By felony complaint, sworn to February 18, 2000, petitioner was charged with murder in the second degree for his role in the February 12, 2000 death of 91-year-old Ruth Witter. On February 21, 2000, respondent Saratoga County District Attorney moved in Stillwater Town Court, where the criminal action was pending, for an order pursuant to CPL 240.40 authorizing a physical examination of petitioner and, *inter alia*, the taking of his fingerprints, scrapings from under his fingernails and samples of his blood, hair and saliva. Sitting as the local criminal court pursuant to CPL 10.10, respondent County Judge of Saratoga County granted the motion by order dated February 25, 2000. Pursuant to the order, relevant samples were taken on February 27, 2000.

Petitioner thereafter commenced this proceeding to prohibit further enforcement of the CPL 240.40 order. The order to show cause dated February 29, 2000 provides that, pending the determination of this proceeding, testing of the relevant evidentiary samples shall not be conducted. The District Attorney served an answer seeking dismissal of the petition and the County Judge moves to dismiss the petition on the ground that, *inter alia*, a proceeding in the nature of prohibition does not lie in these circumstances.

Inasmuch as the authority of the County Judge to sit as a local criminal court was derived from his position as County Judge (*see*, CPL 10.10), this proceeding was properly commenced in this Court pursuant to CPLR 506 (b) (1), rather than in Supreme Court pursuant to CPLR 7804 (b) (*see*, *Matter of B. T. Prods. v Barr*, 44 NY2d 226, 234).

Procedurally, "the extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court * * * acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352). "Notwithstanding the difficulty in drawing subtle distinctions, we have said, and now reiterate with emphasis, that prohibition will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power" (*id.*, at 353 [citations omitted]). A review of the instant petition reveals no claim that the issuing court lacked jurisdiction or acted in excess of its jurisdiction, but merely contains claims of error of substantive law based on claimed inadequacies in the District Attorney's moving papers.

Prohibition "will not lie where its proponent has access to another adequate legal remedy * * * unless, in the rare instance, it 'would furnish a more complete and efficacious remedy'" (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786, quoting *La Rocca v Lane*, 37 NY2d 575, 579-580, *cert denied* 424 US 968 [citations omitted]). Indeed, the proponent must demonstrate that, if he or she is relegated to another avenue of judicial review, irreparable harm will result (*see, Matter of City of Newburgh v Public Empl. Relations Bd.*, 63 NY2d 793, 795). A motion to suppress in the pending criminal action provides petitioner with a complete and efficacious remedy to challenge the existing order (*see, e.g., People v King*, 232 AD2d 111, *lv denied* 91 NY2d 875). In short, petitioner has an adequate remedy through regular motion and appellate practice without engaging in this collateral attack.

As a final matter, we note that the cases relied on by petitioner, *Matter of Abe A.* (56 NY2d 288), *Matter of David M. v Dwyer* (107 AD2d 884) and *Matter of Chaplin v McGrath* (215 AD2d 842), are all inapplicable to the instant case because they involve persons suspected of having committed crimes but where no criminal action had been commenced. Here, in contrast, where the action has been commenced, the attempted collateral attack is prohibited (*see, Matter of Rush v Mordue, supra*).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Adjudged that the petition is dismissed, without costs, and motion to dismiss granted.