■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE TUCKER, Appellant. [717 NYS2d 151] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered April 14, 1999, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree and robbery in the first degree, and sentencing him, as a second felony offender, to a term of 25 years to life on the murder conviction, consecutive to a term of 25 years on the burglary conviction and concurrent with a term of 25 years on the robbery conviction, unanimously affirmed.

Defendant's claim that the court's charge failed to adequately advise the jury of the factors to consider in determining whether the victim was killed "in the course of and in furtherance of [the robbery] or of immediate flight therefrom" (Penal Law § 125.25 [3]; *see, People v Gladman*, 41 NY2d 123, 129), is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the lack of an expanded instruction on this issue could not have deprived defendant of a fair trial in view of the overwhelming evidence that the homicide constituted felony murder.

The court properly imposed consecutive terms for felony murder and burglary in the first degree. The felony underlying the murder conviction was robbery in the first degree. It would have been proper to sentence defendant to consecutive terms for the burglary and robbery convictions because they were based on separate acts (*see, People v Yong Yun Lee*, 92 NY2d

987). Therefore, defendant was properly sentenced to consecutive terms for burglary and for felony murder based on the robbery. We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.