■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE ABREU, Appellant. [739 NYS2d 570] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered January 5, 1999, convicting defendant, after a jury trial, of robbery in the first degree (three counts) and burglary in the first degree, and sentencing him, as a second violent felony offender, to three concurrent terms of 25 years on the robbery convictions consecutive to a term of 10 years on the burglary conviction, unanimously affirmed.

The record establishes that defendant voluntarily, knowingly and intelligently waived his right to be present at sidebar conferences with prospective jurors (see, People v Vargas, 88 NY2d 363) and that the court's statement to defendant regarding the disadvantages of attending sidebar conferences occurred after defendant placed his statement of waiver on the record for the first time and clearly did not affect the voluntariness of the waiver (see, People v McLean, 246 AD2d 445, 446, lv denied 91 NY2d 975).

Viewing the record as a whole, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Contrary to defendant's argument on appeal, his trial counsel pursued a reasonable strategy and presented an effective defense to the prosecution's identification testimony.

The court properly imposed consecutive sentences for the burglary and the robberies defendant committed on the premises because the burglary was complete once defendant entered with the intent to commit a crime (*People v Yong Yun Lee*, 92 NY2d 987). Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.