■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC JONES, Appellant. [745 NYS2d 15] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered September 7, 2000, convicting defendant, after a jury trial, of rape in the first degree (two counts), sexual abuse in the first degree (two counts), robbery in the first degree (three counts), attempted rape in the first degree, and burglary in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 179 years, unanimously modified, on the law, by deleting therefrom so much of the judgment as directed defendant to serve consecutive terms of imprisonment for the crimes of attempted rape in the first degree and sexual abuse in the first degree (counts 12 and 14 of the indictment) and substituting therefor a provision that the sentences for these two crimes run concurrently, and otherwise affirmed.

The court properly rejected defendant's challenge for cause to a prospective juror. Viewing her responses as a whole, we conclude that the panelist did not question her own ability to render an impartial verdict and that her statements did not cast doubt on her ability to be fair (*see, People v Arnold*, 96 NY2d 358). In context, the concern raised by the panelist referred to a hypothetical situation having little relevance to this case.

Any error in the admission into evidence of a police composite sketch was harmless, given the overwhelming evidence of guilt, including highly probative DNA evidence and defendant's reliable and voluntary confession (*see, People v Johnson*, 32 NY2d 814). In light of that powerful evidence of guilt, the

recently decided case of *People v Maldonado* (97 NY2d 522) does not affect this appeal's outcome, as the Court of Appeals reversed Mr. Maldonado's conviction in large measure because the "thinnest of threads" (*id* at 531) of proof connected him to the crimes charged. To the extent that the instant defendant raises a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

Finally, we find merit in defendant's claim that the sentencing court erred in imposing consecutive sentences for his attempted rape and sexual abuse convictions with respect to counts 12 and 14 of the indictment. A review of the victim's testimony and that of another witness "establishe[d] that the [attempted] rape and the sexual abuse were not the result of disparate and separate acts (*see,* Penal Law § 70.25 [2] * * * ), but that the acts constituting the sexual abuse were an integral part of the [attempted] rape [citations omitted]" (*People v Jackson,* 169 AD2d 887, 890, *lv denied* 77 NY2d 996; *see also, People v Bowser,* 244 AD2d 560, 561, *lv denied* 91 NY2d 924). Despite the People's contrary assertion, "there was no evidence that any sexual abuse occurred outside of the [attempted] rape" (*People v Jackson, supra,* 169 NY2d at 890, relying on *People v Underwood,* 52 NY2d 882, 883). Therefore, these sentences must run concurrently (*see,* Penal Law § 70.25 [2]).

However, we reach a different conclusion with respect to defendant's claim that he was illegally sentenced to consecutive sentences with respect to the crimes of sexual abuse in the first degree and rape in the first degree with respect to a different victim (counts 1 and 2 of the indictment). The record is clear that these two sex crimes were separate and distinct acts, and therefore the court properly imposed consecutive sentences (*see, People v Jones,* 256 AD2d 30, *lv denied* 93 NY2d 900). Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.