■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WELLS, Appellant. [747 NYS2d 766] —Judgment, Supreme Court, Bronx County (Frank Torres, J., at suppression hearing; Roger Hayes, J., at jury trial and sentence), rendered June 14, 2000, convicting defendant of assault in the first degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 50 years, unanimously affirmed.

Defendant's claim that his videotaped statement should have been suppressed as the fruit of an unlawful arrest is unpreserved (*People v Patterson*, 53 NY2d 829; *People v Tutt*, 38 NY2d 1011). Defendant never moved to suppress his statement based upon lack of probable cause to arrest, and no hearing on that issue was sought or ordered. Rather, a *Huntley* hearing was ordered which focused on the issue of defendant's video-

taped statement. While the People introduced some evidence of the events leading up to defendant's arrest, the record is clear that defendant never litigated any Fourth Amendment issue and that the court never "expressly decided the question raised on appeal" (CPL 470.05 [2]). We decline to review defendant's claim in the interest of justice. Were we to review this claim we would find, based on the hearing evidence, that the videotaped statement was attenuated from any possible illegality in defendant's arrest, and that any error in its admission was harmless in view of the overwhelming evidence of defendant's guilt.

Defendant was properly sentenced to consecutive terms for his two robbery convictions since the convictions were predicated upon separate acts (*see People v Lee*, 92 NY2d 987). We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.