■ In the Matter of ALAN WEISSMAN, Also Known as A. J. WEISSMAN, Petitioner, v KENNETH H. LANGE, as Judge of the Westchester County Court, et al., Respondents. [773 NYS2d 880]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prevent the respondents from enforcing an order of the respondent Kenneth H. Lange, a Judge of the County Court, Westchester County, entered October 27, 2003, directing the petitioner to provide a blood sample for DNA analysis.

Adjudged that the petition is denied, with costs, and the proceeding is dismissed.

Pursuant to Westchester County Indictment No. 03-00982, the petitioner was charged with rape in the first degree and sodomy in the first degree, based on allegations that he had sexual intercourse and deviate sexual intercourse with a 21-year-old woman who was incapable of consent by reason of being physically helpless. The respondent Jeanine Ferris Pirro, District Attorney of Westchester County, moved for an order pursuant to CPL 240.40 (2) (b) (v) to compel the petitioner to provide a blood sample for a DNA comparison to the semen found on the victim's body and clothing. After the respondent Kenneth H. Lange granted the application, the petitioner commenced this proceeding in the nature of prohibition to prevent the County Court and the District Attorney from enforcing the order.

It is well settled that "the extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Moreover, "prohibition will

not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power" (*Matter of Rush v Mordue, supra* at 353).

In the present case, the petitioner failed to establish that the respondent judge lacked jurisdiction or acted in excess of his authorized powers. Inasmuch as the petitioner has adequate legal remedies in the pending criminal action, in the form of motions or appellate review, prohibition does not lie to review the order which directed him to provide a blood sample for DNA analysis (*see Matter of Anonymous,* 156 AD2d 1028 [1989], *affd* 76 NY2d 766 [1990]; *Matter of Hampshire v Scarano,* 270 AD2d 794 [2000]). In any event, the District Attorney established all of the elements necessary to support an order compelling the production of corporeal evidence (*see Matter of Abe A.,* 56 NY2d 288 [1982]). Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.