■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH A. KETTLE, Appellant. [827 NYS2d 711]—

Carpinello, J.P. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered June 28, 2004, convicting defendant upon her plea of guilty of the crimes of murder in the second degree, robbery in the first degree and burglary in the first degree.

Defendant and a companion planned a robbery at the home of Teresa Ford. During the course of same, defendant, who was armed with a loaded gun, shot and killed Ford. The pair then fled the home but not before defendant's companion stole Ford's purse. A seven-count indictment was thereafter handed up against defendant charging her with, among other crimes, murder in the first degree and two counts each of robbery and burglary in the first degree. A plea deal was eventually reached pursuant to which the first count of the indictment was reduced to murder in the second degree (felony murder). Defendant agreed to plead guilty to this reduced count, as well as to robbery in the first degree under count 2 of the indictment and burglary in the first degree under count 4 of the indictment in full satisfaction of the indictment. Under the terms of this agreement, defendant would be sentenced to 25 years to life for felony murder, 10 years for robbery, to run concurrent with the felony murder sentence, and 10 years for burglary, to run consecutive to the felony murder sentence. In other words, it was agreed that defendant would receive an aggregate sentence of 35 years to life, with only one of the two 10-year sentences running consecutive to the felony murder sentence.

At sentencing, County Court reiterated the terms of the plea deal, stating that defendant "will receive a sentence of 35 years to life." In actually imposing the sentence, however, the court indicated that the sentences for robbery and burglary were to run concurrent with each other and *both* would be consecutive to the felony murder sentence. Even after the court imposed this sentence, it again reiterated that defendant was receiving "a total of 35 years to life." Although the aggregate sentence was correctly recited, no one apparently caught the court's misstatement regarding the sentence for robbery running consecutive to the felony murder sentence. Defendant now appeals.

As conceded by the People, County Court's imposition of determinate sentences for robbery and burglary *both* to run consecutive to the felony murder sentence, which appears to be nothing more than simple inadvertence on the court's part, needs to be rectified. Thus, consistent with the plea agreement, the sentence for robbery is to run concurrent with the sentence for felony murder whereas the sentence for burglary is to run consecutive to it.

Notwithstanding the plea agreement reached in this case, defendant now argues that the robbery and burglary sentences must both run concurrent with the felony murder sentence. We are unpersuaded. In this regard, we note first that defendant pleaded guilty to count 4 of the indictment, which charged bur-

glary in the first degree in violation of Penal Law § 140.30 (1) (armed with a deadly weapon), and count 2 of the indictment, which charged robbery in the first degree in violation of Penal Law § 160.15 (1) (causes physical injury to a nonparticipant in the crime).* The robbery and burglary offenses thus involved separate and distinct acts (*see* Penal Law § 70.25 [2]; *People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]; *People v Wright*, 1 AD3d 707, 709 [2003], *lv denied* 1 NY3d 636 [2004]).

Furthermore, the record clearly demonstrates that the robbery charge under count 2, as opposed to the burglary charge under count 4, was the underlying offense to felony murder (*see People v Parks*, 95 NY2d 811, 815 [2000]). Thus, while consecutive sentencing could not have been imposed for the robbery and felony murder offenses (*see id.*), it was legally permissible to impose same for the burglary and felony murder offenses (*see People v Yong Yun Lee, supra* at 989; *People v Tucker*, 278 AD2d 38, 38-39 [2000], *lv denied* 96 NY2d 788 [2001]).

Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentence for robbery in the first degree under count 2 of the indictment shall run concurrent with the sentence for murder in the second degree under count 1 of the indictment, and defendant's sentence for burglary in the first degree under count 4 of the indictment shall run consecutive to the sentence for murder in the second degree under count 1 of the indictment, and, as so modified, affirmed.

---

* Count 5 of the indictment, on the other hand, charged defendant with burglary in violation of Penal Law § 140.30 (2) (causes physical injury to a nonparticipant in the crime).