THIRD DEPARTMENT, APRIL, 2007

(April 5, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD C. MACK, Appellant. [833 NYS2d 688]—

Spain, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered June 28, 2004, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and robbery in the first degree.

Following the shooting death of Theresa Ford in her home in August 2002 in the Town of Orange, Schuyler County, defendant was charged in a six-count indictment with felony murder, two counts of robbery in the first degree and other charges. After a jury was selected on May 23, 2003, defendant—represented by the Public Defender of Schuyler County—entered a guilty plea to felony murder and first degree robbery in full satisfaction of the indictment. No sentencing promises were made.

When the presentence investigation report revealed that defendant was undergoing treatment for mental illness, County Court—by order of July 24, 2003—granted defense counsel's motion for a competency exam to determine defendant's fitness to proceed (see CPL 730.20 [1]). Two of the three psychiatric examiners found defendant to be incapacitated, so the court ordered a competency hearing by order of December 11, 2003 (see CPL 730.30 [4]).[1]

However, on October 10, 2003—before the competency hearing had even been ordered—defendant executed a consent to change attorneys form requesting that Susan BetzJitomir (also defendant's current assigned appellate counsel) be substituted as attorney of record in this action effective immediately, and that materials related to his defense be forwarded to her. The same day, BetzJitomir also filed a notice of appearance with County Court (see 22 NYCRR 200.5), having apparently agreed to represent defendant pro bono. The court did not expressly rule on that request at the time. Nevertheless, the record is clear that while she was present at subsequent proceedings and provided some measure of assistance to the assigned counsel, BetzJitomir was not substituted as counsel of record until after the court's April 28, 2004 postcompetency hearing decision and order in which it found that defendant was not an incapacitated person. At the next appearance on May 6, 2004, County Court, having found defendant to be competent, permitted him to make the substitution requested over six months earlier.

---

1. As defendant had moved pro se to withdraw his plea by letter of July 2, 2003 (a motion not expressly ruled upon), County Court by its March 11, 2004 order granted the People's motion to expand the scope of the competency hearing to include defendant's competency at the time of the plea.

BetzJitomir's subsequent motion to withdraw defendant's plea was denied without a hearing, and he was sentenced, upon his plea, to concurrent terms of imprisonment, the maximum of which was 25 years to life for the felony murder charge. This Court recently upheld the conviction of defendant's girlfriend for crimes arising out of the same incident (*People v Kettle*, 34 AD3d 1122 [2006]).

On defendant's appeal, we find merit to his claim that he was deprived of his Sixth Amendment right to retain counsel of his choosing when his October 10, 2003 request to substitute counsel was not honored, requiring that his sentence be vacated and that he be restored to the postplea status he occupied at the time of that request.[2]

Inherent in an accused's right to the assistance of counsel at every critical stage in the prosecution (*see People v Garcia*, 92 NY2d 726, 730 [1999], *cert denied* 528 US 845 [1999]; *People v Settles*, 46 NY2d 154, 165 [1978]) is "the right of a criminal defendant to representation by an attorney of his [or her] own choosing" (*People v Tineo*, 64 NY2d 531, 536 [1985]; *see Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196 [1984]; *People v Arroyave*, 49 NY2d 264, 270-271 [1980]). Defendants have the right to choose who will represent them as long as they can afford to hire the attorney or the attorney is willing to represent them pro bono, provided the attorney is qualified and able to provide conflict-free representation (*see United States v Gonzalez-Lopez*, 548 US —, —, —, 126 S Ct 2557, 2561, 2565-2566 [2006]; *Wheat v United States*, 486 US 153, 159 [1988]).

In 2006, well after County Court was presented with the issue in this case, the United States Supreme Court decreed that "[w]here the right to be assisted by counsel of one's choice is wrongly denied . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he [or she] wants, regardless of the quality of the representation he [or she] received" (*United States v Gonzalez-Lopez*, 548 US at —, 126 S Ct at 2563). The Supreme Court unequivocally stated that "[a] choice-of-counsel violation occurs *whenever* the defendant's choice is wrongfully denied" (548 US at —, 126 S Ct at 2565) and that such a deprivation "is not subject to harmless-error analysis" (548 US at —, 126 S Ct at 2566).

---

**2.** While the plea colloquy contains a limited reference to an appeal waiver, it would not preclude consideration on appeal of defendant's claim that his right to counsel was subsequently violated (*see People v Hoeltzel*, 290 AD2d 587, 588 [2002]).

Here, defendant signed a change of attorney form in October 2003 and his retained attorney simultaneously filed a notice of appearance, putting County Court on notice that he no longer required or wanted representation by the previously assigned counsel. No concern was raised on the record regarding retained counsel's qualifications, willingness to undertake defendant's representation, or ability to provide conflict-free representation (*see Wheat v United States, supra* at 159). Further, defendant's request was made two months before the court ordered a competency hearing, which was not held for another four months, belying any concern that the request was a tactic to delay the proceedings; indeed, no concomitant request for a continuance or adjournment appears on the record (*see People v Tineo, supra* at 536; *People v Arroyave, supra* at 271-272; *see also United States v Gonzalez-Lopez*, 548 US at —, 126 S Ct at 2565-2566; *cf. People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]).

Moreover, while the apparent basis for County Court's protracted delay in giving effect to defendant's substitution of counsel request was the fact that defendant's competency had been called into question, we do not find that this constituted an adequate basis upon which to deny defendant the right to retain counsel and discharge assigned counsel. Notably, defendant was presumed to be competent to proceed at the time of his request (*see People v Gelikkaya*, 84 NY2d 456, 459 [1994])—indeed he was later determined after the hearing not to be incapacitated—and the fact that his competency had been called into question did not provide sufficient, cognizable grounds to deny (or delay) his constitutional right to promptly substitute retained counsel of his choice.

To be sure, given defendant's history of mental illness and the then undecided issue of his capacity, County Court's reticence to giving effect to his request to substitute counsel was understandable. The court attempted to ameliorate the competing concerns by allowing BetzJitomir to assist the assigned counsel acting in a limited role akin to stand-by counsel, rather than cocounsel (*see People v Baghai-Kermani*, 84 NY2d 525, 534 [1994]). However, she did not become the attorney of record or control defendant's representation during the period in issue.[3] As such, the deprivation of defendant's right to counsel was

---

3. We find that defendant's choice of counsel could have been honored by substituting BetzJitomir as counsel of record and appointing the assigned counsel as stand-by counsel, if need be (*see generally Faretta v California*, 422 US 806, 834 n 46 [1975]; *People v Rodriguez*, 95 NY2d 497, 501-502 [2000]; *People v Sawyer*, 57 NY2d 12, 22 [1982], *cert denied* 459 US 1178 [1983]).

"complete" during that delay (*United States v Gonzalez-Lopez,* 548 US at —, 126 S Ct at 2563, 2565). However, since the deprivation occurred after defendant entered his guilty plea, we do not need to vacate the plea on that ground but, rather, restore defendant to the postplea status he occupied in October 2003 prior to the competency hearing or motions to, among other things, vacate the plea. In light of the foregoing, defendant's remaining contentions will not be discussed.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the April 28, 2004 CPL article 730 order, the May 24, 2004 order denying defendant's motion to withdraw the plea, and the sentence imposed upon defendant's conviction; matter remitted to the County Court of Schuyler County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.