■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RONDON, Appellant. [898 NYS2d 128]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 4, 2008, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree and two counts each of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 44 to 107 years,

---

unanimously modified, on the law, to the extent of directing that the sentences for the sexual abuse convictions be served concurrently with the sentences for the rape and sodomy convictions, and otherwise affirmed.

The court properly exercised its discretion in permitting a police witness to demonstrate for the jury the loading, chambering and firing mechanism of a semiautomatic pistol, which was relevant to an issue in the case. We do not find that the demonstration was so lengthy or repetitious as to be unduly prejudicial. There is no reason to believe that the extent of the demonstration affected the verdict.

The court properly imposed consecutive sentences for the burglary and robbery counts since the burglary was complete once defendant entered the premises with the intent to commit a crime, notwithstanding that the display of his weapon was an element of both the burglary and robbery charges (*see People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]). However, the sentences for the sexual abuse convictions should have been concurrent with the sentences for the other sex offenses (*see* Penal Law § 70.25 [2]). The evidence showed that defendant's acts of sexual abuse occurring throughout the attack were an integral part of the rape and sodomy (*see People v Jones*, 295 AD2d 243, 244 [2002], *lv denied* 98 NY2d 769 [2002]). Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ.