■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELA MAGNETTI, Appellant. [910 NYS2d 367]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered December 2, 2008, convicting her of hindering prosecution in the first degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the defendant's Sixth Amendment right to counsel of her choice was not violated (*see* US Const 6th Amend; *United States v Gonzalez-Lopez*, 548 US 140, 144, 151 [2006]; *People v Mack*, 39 AD3d 882, 884 [2007]).

The defendant's motion to dismiss the indictment in furtherance of justice was properly denied (*see* CPL 210.40 [1]; *People v Quadrozzi*, 55 AD3d 93 [2008]).

The trial court correctly declined to compel the prosecution to accept the defendant's concession that the codefendant had committed the crime of murder in the second degree, a class A

felony, an element of the crime of hindering prosecution in the first degree (*see* Penal Law § 205.65). As the defendant sought to admit to a historical fact relating to the crime charged, the prosecution could not be compelled to accept the concession (*see People v Hills*, 140 AD2d 71, 77 [1988]; *People v Morgan*, 2001 NY Slip Op 40090[U] [Sup Ct, Kings County 2001]). Thus, the prosecution was entitled to prove its case by "evidence of its choice" (*Old Chief v United States*, 519 US 172, 188 [1997]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.