(April 12, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC D. DOZIER, Appellant. [942 NYS2d 266]—

Spain, J. Appeals (1) from a judgment of the County Court of Broome County (Sherman, J.), rendered February 19, 2009, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree, and (2) by permission, from an order of said court, entered February 10, 2011, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of July 16, 2007, the victim was in bed in a hotel room in the Town of Union, Broome County when an intruder burst into the room, jumped on top of her and slashed her multiple times with a sharp, unknown object on her face and body, threatened to kill her and then fled without taking anything. The victim had recently arrived at the hotel with her former boyfriend, Celene Thompson, who had been talking on his cell phone in the bathroom for 15 minutes and then sat on the empty adjacent bed, speaking with her just prior to the attack. Thompson, who did not attempt to intervene or say anything during the attack, was not attacked, threatened or spoken to by the intruder. Although the intruder's face was con-

cealed, the victim identified him—based upon his build, voice and gait—as defendant, whom she had known for a number of years. Two days prior, the victim had spent the night with defendant, after which he went to her home and accused her of stealing cash from him. Police were summoned and defendant indicated that he would "handle the problem in his own way."

Defendant and Thompson were jointly indicted and tried before a jury as accomplices for assault in the first and second degrees. Thompson's conviction of assault in the second degree was affirmed on appeal (*People v Thompson*, 79 AD3d 1269 [2010]). Defendant was convicted of both counts and sentenced, as a violent felony offender, to an aggregate prison term of 15 years, plus postrelease supervision. His subsequent motion to vacate his judgment of conviction pursuant to CPL article 440 was denied without a hearing. Defendant now appeals from the judgment of conviction and, with the permission of this Court, from the order denying his motion to vacate.

Initially, defendant's challenge to the legal sufficiency of the evidence was not preserved for our review given that only a general motion to dismiss was made (*see People v Danford*, 88 AD3d 1064, 1065 [2011], *lv denied* 18 NY3d 882 [2012]). Upon our weight of the evidence review, looking at the evidence in a neutral light, we find that, while an acquittal would not have been unreasonable had the jury discredited the victim's identification of defendant, the jury was fully justified in finding defendant guilty beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Indeed, the evidence strongly supports the conclusion that defendant and Thompson conspired for Thompson to bring the victim to the hotel and leave the door unlocked to facilitate defendant's entry; Thompson advised defendant of their location and defendant arrived shortly thereafter and attacked the victim in retaliation for her alleged theft.

The circumstances surrounding the victim's ability to identify defendant as the attacker were fully explored at trial for the jury, whose determination we accord great deference given its direct opportunity to assess her credibility and the strength of her identification (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's claim that she delayed identifying him as her attacker, the victim testified that she so identified him during one of her 911 calls, which were played for the jury. The victim also denied telling police that her attacker never said a word, as recorded by police in her initial statement at the hospital, testifying that she said it was Thompson who remained silent. We do not find that any weaknesses in her testimony rendered her unworthy of belief (*see People v Sharpe*, 70 AD3d 1184, 1185 [2010], *lv denied* 14 NY3d 892 [2010]).

With regard to the cell phone record evidence, Thompson admitted that he used a cell phone belonging to his cousin to call the victim many times, including the morning of the attack. The victim had called defendant on the prepaid cell phone linked to defendant, just two days earlier.* As we noted in Thompson's appeal, the cell phone records established that defendant and Thompson repeatedly communicated immediately prior to and after the attack (*People v Thompson*, 79 AD3d at 1271). Indeed, neither the lack of a confession and physical evidence nor the nonrecovery of the weapon undermined the weight of the credible evidence establishing defendant's guilt.

Next, the record on defendant's direct appeal does not support his contention that he was denied meaningful representation at trial (*see People v Caban*, 5 NY3d 143, 152 [2005]). Regarding counsel's advice that defendant not testify before the grand jury that handed up the superceding indictment, the record reflects that this was a legitimate strategic decision of counsel (*see People v Lasher*, 74 AD3d 1474, 1476 [2010], *lv denied* 15 NY3d 894 [2010]), which counsel explained on the record to defendant, who willingly heeded this advice and unequivocally withdrew his earlier request to testify. Moreover, defendant has not demonstrated prejudice or established that, had he testified, the outcome would have been different (*see id.*). With regard to defendant's decision not to testify at trial, after the People rested, the matter was discussed off the record, and defense counsel placed on the record that he and defendant had a "lengthy discussion" and decided against him testifying. Thus, the trial record supports the conclusion that the decision that defendant not testify was "a strategic one . . . made by defendant in consultation with counsel" (*People v Borthwick*, 51 AD3d 1211, 1216 [2008], *lv denied* 11 NY3d 734 [2008]; *see People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]). The circumstances under which defendant made that decision are outside the scope of the record on defendant's direct appeal.

Also meritless is defendant's claim that counsel was ineffective in failing to prevent the jury from hearing about his statement, made to officers who responded to his confrontation with the victim two days before the attack, that he would handle the dispute with the victim over the missing cash "in his own way." Based upon the People's failure to provide notice (*see* CPL 710.30), defendant's prior defense counsel moved in an omnibus

---

* Defendant had obtained the phone using an alias and the e-mail address and unlisted phone number of a friend with whom he had lived briefly. That friend testified that she had never used that cell phone.

motion to preclude this statement. County Court issued a written decision denying defendant's preclusion motion as to this statement, finding that notice was not required, but granted preclusion as to another statement. We cannot conclude that counsel's strategic decision to pursue preclusion over suppression (*see* CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 904-905 [1996]) constituted ineffective assistance, particularly given the absence of any evidence that the statement was custodial or involuntary so as to be subject to suppression (*see* CPL 710.20 [2], [3]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Nguyen*, 90 AD3d 1330, 1332-1333 [2011]; *People v Pray*, 199 AD2d 646, 647 [1993], *lv denied* 83 NY2d 809 [1994]). Further, defense counsel did not unduly emphasize this statement to the jury but, rather, attempted to interpret it in a nonthreatening manner.

Defendant's claim that defense counsel was ineffective for failing to pursue, as a lesser included offense, a charge of assault in the third degree is unavailing. When counsel inquired about this charge, County Court correctly ruled that there was no reasonable view of the evidence that the victim's injuries were caused by anything other than a dangerous instrument (*see* Penal Law § 10.00 [13]; § 120.00 [1]; § 120.05 [2]; *People v Hercules*, 47 AD3d 835, 836-837 [2008], *lv denied* 10 NY3d 766 [2008]; *People v Berry*, 123 AD2d 477, 478 [1986], *lv denied* 69 NY2d 708 [1986]). Assuming without deciding that assault in the third degree is a lesser included offense of first degree assault (*see* Penal Law § 120.10 [2]), we cannot conclude that counsel lacked a legitimate tactical reason for not giving the jury that lesser option (*see People v Nguyen*, 90 AD3d at 1333-1334). We have reviewed defendant's remaining contentions on direct appeal, including those raised in his pro se brief—all of which are unpreserved—and conclude that they similarly lack merit.

Finally, County Court did not err in denying defendant's pro se CPL 440.10 motion without a hearing. Many of the issues were reviewable on direct appeal and, thus, were not the proper subject of a CPL article 440 motion (*see* CPL 440.10 [2] [b]). The other issues, though based on information outside the trial record—such as the availability of alibi witnesses and newly discovered evidence—are nevertheless wholly unsupported by any affidavits or documentary evidence (*see* CPL 440.30 [1], [4] [b]; *People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Beverly*, 5 AD3d 862, 865 [2004], *lv denied* 2 NY3d 796 [2004]). Further, under the circumstances of this case, defendant has not demonstrated that assigned counsel was remiss in not join-

ing in his meritless pro se motion (*see People v Trombley*, 91 AD3d 1197, 1202-1203 [2012]). Defendant's remaining contentions regarding the CPL article 440 motion have been considered and determined to be unpersuasive.

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.