— Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of an order of the County Court, Orange County (DeRosa, J.), dated June 29, 2012, which directed the petitioner to provide buccal swab samples upon notice from the District Attorney in connection with the investigation of a crime, and application by the petitioner to prosecute this proceeding as a poor person.
Ordered that the application for leave to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,
Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
“[A] court order to obtain a [bodily] sample of a suspect may issue provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a ‘clear indication’ that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable” (Matter of Abe A., 56 NY2d 288, 291 [1982]; see Matter of Marino v Kahn, 49 AD3d 741, 741 [2008]). The People satisfactorily established each of these elements. Upon balancing the seriousness of the crime, the importance of the evidence to the investigation, and the unavailability of less intrusive means of obtaining the evidence, on the one hand, against a concern for the petitioner’s constitutional right to be free from bodily intrusion on the other (see Matter of Abe A., 56 NY2d at 291), we conclude that the petitioner failed to demonstrate “a clear legal right to the extraordinary remedy of prohibition” (Matter of Marino v Kahn, 49 AD3d at 741 [internal quotation marks omitted]; see Matter of Solheim v Weber, 68 AD3d 1002, 1002 [2009]). Dickerson, J.P., Leventhal, Belen and Austin, JJ., concur.