Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from enforcing an order of the respondent Ruth Shillingford, an Acting Justice of the Supreme Court, Kings County, dated January 8, 2013, in a criminal action entitled People v Johnson, pending in that court under indictment No. 3621/12, which granted the motion of the respondent Charles J. Hynes, District Attorney, Kings County, to compel the petitioner to submit to a buccal swab for the purpose of DNA testing.
Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
“[A] court order to obtain a [bodily] sample of a suspect may issue provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a ‘clear indication’ that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable” (Matter of Abe A., 56 NY2d 288, 291 [1982]; see Matter of Edwards v DeRosa, 98 AD3d 979 [2012]). “In addition, the issuing court must weigh *631 the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against concern for the suspect’s constitutional right to be free from bodily intrusion on the other” (Matter of Abe A., 56 NY2d at 291). Here, the petitioner concedes that, in support of their motion to compel a buccal swab for the purpose of DNA testing (see CPL 240.40 [2] [b] [v]), the People established probable cause, a “clear indication” that relevant material evidence will be found, and that the method used to secure it is safe and reliable, but nevertheless contends that the People’s motion should have been denied on the ground that his offer to stipulate that his DNA matched the DNA recovered from the two firearms at issue provided a less intrusive method of obtaining the evidence. However, the law is manifestly clear that the People are under no obligation to accept an offer by a defendant to stipulate to a fact or to an element of a charged crime (see People v Hills, 140 AD2d 71, 77 [1988]; see also People v Andrade, 87 AD3d 160 [2011], cert denied 566 US —, 132 S Ct 1871 [2012]; People v Magnetti, 78 AD3d 863 [2010]; People v Robinson, 251 AD2d 602 [1998]; Old Chief v United States, 519 US 172, 186-187 [1997]), and “the decision as to whether to decline or accept such a stipulation lies wholly within the prosecutor’s discretion” (People v Hills, 140 AD2d at 77; see People v Robinson, 251 AD2d 602 [1998], affd 93 NY2d 986 [1999]). Accordingly, since the petitioner has failed to demonstrate a clear legal right to the extraordinary remedy of prohibition, his petition is denied (see Matter of Edwards v DeRosa, 98 AD3d 979 [2012]; Matter of Weissman v Lange, 4 AD3d 478 [2004]; Matter of Dunnigan v Weissman, 181 AD2d 731 [1992]).
The petitioner’s remaining contentions are without merit. Balkin, J.P., Leventhal, Cohen and Miller, JJ., concur.