■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MIKUCKI, Respondent. [983 NYS2d 626]—

Appeal by the People from an order of the Supreme Court, Queens County (Blumenfeld, J.), dated January 28, 2013, which granted the defendant's motion pursuant to CPL 440.20 to set aside a sentence of the same court (Demakos, J.), imposed September 7, 1999, as amended July 2, 2012, upon his conviction of murder in the first degree and robbery in the first degree, upon his plea of guilty, the sentence being consecutive terms of imprisonment upon his conviction of murder in the first degree and robbery in the first degree.

Ordered that the order is reversed, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Queens County, for the imposition of an appropriate sentence in accordance herewith (*see* Penal Law § 70.25).

The defendant pleaded guilty to murder in the first degree, committed in the course of and in furtherance of a burglary, and a separate count of robbery in the first degree of the same victim, using the same weapons, to wit, a hatchet and a knife. Pursuant to a plea agreement, he was sentenced to an indeterminate term of imprisonment of 25 years to life upon his conviction of murder in the first degree, to run consecutively to a determinate term of imprisonment of five years upon his conviction of robbery in the first degree.

Contrary to the defendant's contention, the imposition of consecutive terms of imprisonment was not illegal. The statutory definitions of burglary (see Penal Law art 140) and robbery (see Penal Law art 160) require the commission of two separate acts (see Penal Law § 70.25 [1], [2]; People v Yong Yun Lee, 92 NY2d 987, 989 [1998]; People v Rondon, 72 AD3d 488, 489 [2010]; People v Kettle, 34 AD3d 1122, 1124 [2006]; People v Byrd, 303 AD2d 184, 184 [2003]; cf. People v Frazier, 16 NY3d 36, 40 [2010]). Here, the defendant claimed during his plea colloquy that he entered a laundromat and robbed the victim, stealing her money. He also admitted that he entered "a place that was off limits to the public" in the laundromat, and that he intentionally killed the victim "in the course of an in furtherance of the burglary." Thus, the robbery and the murder committed in the course of the burglary were two separate acts (see People v Yong Yun Lee, 92 NY2d 987 [1998]; People v Diaz, 107 AD3d 401, 402 [2013]; People v Barksdale, 50 AD3d 400 [2008]). Under these circumstances, the consecutive sentence imposed was legal.

Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPL 440.20 to vacate the sentence, and we remit the matter to the Supreme Court, Queens County, for the reimposition of a sentence of consecutive terms of imprisonment upon the defendant's conviction of murder in the first degree and robbery in the first degree. Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.