■ In the Matter of CEDERIC MILLER, Petitioner, v ELIZABETH A. FOLEY, an Acting Justice of the Supreme Court, Kings County, et al., Respondents. [46 NYS3d 620]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus to prohibit the enforcement of an order of the respondent Elizabeth A. Foley, an Acting Justice of the Supreme Court, Kings County, dated August 22, 2016, in a criminal action entitled *People v Miller*, pending in that court under indictment No. 2388/16, which granted the motion of the respondent District Attorney, Kings County, to compel the petitioner to submit to a buccal swab for the purpose of DNA testing, and to compel the respondent Elizabeth A. Foley to determine the petitioner's motion for a protective order.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to establish that the respondent Elizabeth A. Foley lacked jurisdiction or acted in excess of her authorized powers. Inasmuch as the petitioner has adequate legal remedies in the pending criminal action in the form of motions or appellate review, prohibition does not lie to review a discovery order which directed him to provide a buccal swab pursuant to CPL 240.40 (*see Matter of Weissman v Lange*, 4 AD3d 478, 479 [2004]). In any event, " '[a] court order to obtain a [bodily] sample of a suspect may issue provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a 'clear indication' that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable' " (*Matter of Edwards v DeRosa*, 98 AD3d 979, 979 [2012], quoting *Matter of Abe A.*, 56 NY2d 288, 291 [1982]; *see Matter of Marino v Kahn*, 49 AD3d 741, 741 [2008]). Here, the District Attorney established all of the elements necessary to support an order compelling the production of corporeal

evidence (*see Matter of Abe A.*, 56 NY2d 288 [1982]). Upon balancing the seriousness of the crime, the importance of the evidence to the investigation, and the unavailability of less intrusive means of obtaining the evidence, on the one hand, against a concern for the petitioner's constitutional right to be free from bodily intrusion on the other (*see id.* at 291), we conclude that the petitioner failed to demonstrate a clear legal right to the extraordinary remedy of prohibition (*see Matter of Solheim v Weber*, 68 AD3d 1002, 1002 [2009]; *Matter of Marino v Kahn*, 49 AD3d at 741).

The petitioner's contention that he is entitled to a writ of mandamus is without merit, as the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Gitzis v Baily-Schiffman*, 114 AD3d 787 [2014]). The petitioner failed to demonstrate a clear legal right to the relief sought. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.