Matter of Drummonds v Harrington (2018 NY Slip Op 01307)





Matter of Drummonds v Harrington


2018 NY Slip Op 01307


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-12181 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Kadeem Drummonds, petitioner,
v
William Harrington, etc., et al., respondents.


Seymour W. James, Jr., Brooklyn, NY (Rebecca Besdin and Laura Guthrie of counsel), for petitioner.
Eric Gonzalez, District Attorney, Brooklyn, NY (Maria Schiavone of counsel), respondent pro se.



Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the enforcement of an order of the respondent William Harrington, an Acting Justice of the Supreme Court, Kings County, dated October 20, 2017, in a criminal action entitled People v Drummonds, pending in that court under indictment No. 7337/16, which granted the motion of the respondent District Attorney, Kings County, to compel the petitioner to submit to a buccal swab for the purpose of DNA testing, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner was indicted for, inter alia, criminal possession of a weapon in the second degree and robbery in the first degree. The respondent Eric Gonzalez, District Attorney of Kings County, moved pursuant to CPL 240.40(2)(b)(v) to compel the petitioner to submit to a buccal swab, and the respondent William Harrington, an Acting Justice of the Supreme Court, Kings County, granted that motion. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit enforcement of that order.
The petitioner has failed to establish that Acting Justice Harrington lacked jurisdiction or acted in excess of his authorized powers (see Matter of Anonymous, 76 NY2d 766, 767-768; Matter of Holtzman v Goldman, 71 NY2d 564, 569; Matter of Miller v Foley, 145 AD3d 1011, 1011; Matter of Weissman v Lange, 4 AD3d 478, 478-479). Inasmuch as the petitioner has adequate legal remedies in the pending criminal action in the form of motions or appellate review, prohibition does not lie to review a discovery order that directed him to provide a buccal swab pursuant to CPL 240.40 (see Matter of Miller v Foley, 145 AD3d at 1011; Matter of Weissman v Lange, 4 AD3d at 478-479).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court