◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETH ROBERTS, Appellant. [752 NYS2d 917] —Peters, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered May 23, 2002, which resentenced defendant following his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In full satisfaction of an indictment charging him with criminal sale of a controlled substance in the first degree and conspiracy in the second degree, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree. After defendant's original sentence was vacated by this

Court (293 AD2d 916), County Court resentenced him to an indeterminate prison term of five years to life. Defendant appeals.

Defendant's sole claim on this appeal is that the sentence imposed is harsh and excessive. He asserts that considering his age, educational and working background, limited criminal history and the fact that other participants in the same drug ring received more lenient sentences, he should have been sentenced to an indeterminate term of three years to life.

We are unpersuaded that the sentence imposed is harsh or excessive. It is well settled that " '[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (*People v King*, 293 AD2d 815, 817-818, *lv denied* 98 NY2d 698, quoting *People v Harris*, 57 AD2d 663, 663). Here, considering the large quantity of drugs sold by defendant (*see People v Chester*, 297 AD2d 862) and the fact that his sentence was less than the maximum authorized (*see* Penal Law § 70.00 [2] [a]; [3] [a] [ii]; *People v Bailey*, 295 AD2d 632, 635), we find no reason to modify the sentence in the interest of justice (*see* CPL 470.15 [6]). Moreover, the mere fact that defendant received a greater sentence than that of other participants does not mandate a reduction of his sentence by this Court (*see People v Durrence*, 244 AD2d 728, 728, *lv denied* 91 NY2d 925; *People v Revels*, 191 AD2d 905).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.