■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAMPHIER, Appellant. [787 NYS2d 131]—

Mugglin, J. Appeal from a judgment of the County Court of

Schenectady County (Tomlinson, J.), rendered April 25, 2001, upon a verdict convicting defendant of the crimes of burglary in the third degree, criminal mischief in the fourth degree and petit larceny.

Defendant was convicted after a jury trial of burglary in the third degree, criminal mischief in the fourth degree and petit larceny arising from an unlawful entry into the Center Stage Deli in the Town of Rotterdam, Schenectady County, his place of employment. The sole issue raised by defendant is whether he was deprived of the effective assistance of counsel at trial.

The constitutional right to the effective assistance of counsel does not mean that the representation was error free in every respect, but simply that defendant was afforded a fair trial (*see People v Claudio*, 83 NY2d 76, 80 [1993]). The effective assistance of counsel is provided when "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Disagreements with counsel over trial strategy, tactics or the scope of cross-examination do not suffice to establish the absence of the requisite meaningful representation (*see People v Curry*, 294 AD2d 608, 611-612 [2002], *lv denied* 98 NY2d 674 [2002]).

Based upon our review of the record and specifically the areas identified as establishing the ineffective assistance of counsel, we are not convinced that the totality of representation deprived defendant of a fair trial. Although this may have been trial counsel's first felony trial, he formulated and executed a defense strategy designed to attack the identification of defendant as the perpetrator and to establish an alibi for defendant. In an effort to undermine the testimony of the two prosecution witnesses who claimed to have observed defendant driving a car in the vicinity of the deli on the night the crime was committed, counsel referred to a pretrial identification procedure that was otherwise inadmissible at trial. While this tactic may have proved unsuccessful, it was an acceptable risk, first, to establish uncertainty of the witnesses' initial identification and, second, to lend credence to defendant's forthcoming alibi. Likewise, counsel's failure to object to certain opinion evidence—comparing footprints at the scene with defendant's sneakers—does not demonstrate ineffectiveness. In fact, we conclude that counsel's cross-examination of the witnesses casts doubt on the existence of observable footprints at the scene for comparison with defendant's sneakers. In sum, the cross-examination of the police officers regarding this issue demonstrates a cogent and ef-

fective strategy designed to impugn physical evidence purporting to connect defendant to the scene. Additionally, the failure to call a specific witness, i.e., a shoe print expert, in and of itself, does not establish the ineffective assistance of counsel (*see Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]), particularly here, where serious doubt had already been cast on the police investigation.

Next, we are unpersuaded that counsel's cross-examination of the People's DNA witnesses demonstrates ineffectiveness. At best, this evidence established only that DNA testing of blood found inside the deli was defendant's. Counsel effectively established that the blood in question could have been deposited at any time, and as defendant was employed there, this evidence did not necessarily connect defendant to the burglary.

As a final area of alleged deficiency, defendant points to counsel's question which revealed the landlord/tenant relationship between himself and the alibi witness. The impact of such a connection on the credibility of the witness, if any, if established openly on direct examination is significantly less than if revealed on cross-examination. Thus, in our view, this was an appropriate trial tactic.

In conclusion, the areas of assigned ineffectiveness neither independently nor cumulatively deprived defendant of meaningful representation. The fact that the defense strategy proved unsuccessful and defendant was convicted does not require the conclusion that the representation was ineffective, especially here where the totality of the representation was, in fact, meaningful (*see People v Baldi, supra*).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.