■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WILT, Appellant. [794 NYS2d 724]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 5, 2003, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant was charged by indictment with two counts of as-

sault in the first degree, stemming from an encounter in a cemetery late one evening between the victim and defendant, who was then 16 years old. After a brief verbal exchange, defendant stabbed the victim in the chest with a knife and fled. Following a jury trial, at which he admitted stabbing the victim, but maintained that he had acted in self-defense because he believed that the victim had a gun and was trying to rob him, defendant was convicted of one count of assault in the first degree. Defendant was later sentenced to a term of 18 years in prison, and now appeals.

Defendant first contends that the trial evidence was legally insufficient to disprove his defense of justification, citing inconsistencies in the testimony of the People's witnesses making them unworthy of belief. We note, "[h]owever, [that] resolution of issues of credibility . . . are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]; *see People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]). Finding no reason to disturb the jury's resolution of the credibility of the witnesses on this record, we conclude that the evidence is legally sufficient to disprove the defense of justification and, when given the weight it should be accorded, supports the verdict (*see People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]).

Defendant also argues that he was denied the effective assistance of counsel because his trial counsel, who was substituted three weeks before trial, failed to more fully prepare for trial, delve further into the questionable backgrounds of the People's witnesses and more strenuously assert his claim of self-defense. We disagree. All discovery was complete when counsel was assigned and she vigorously cross-examined the People's witnesses, explored their criminal histories as well as their drug use and highlighted inconsistencies in their present and prior statements. Counsel also cogently focused on the circumstances supporting the justification defense. Thus, defendant has failed to show that counsel's trial advocacy was deficient or afforded him less than meaningful representation (*see e.g. People v Damphier*, 13 AD3d 663, 664 [2004]).

Next, the claim of prosecutorial misconduct during summation, when the prosecutor referred to the circumstances leading up to the crime as "strange" and "bizarre," and to defendant as a "devil worshiper," is unpreserved for our review, as no objection was raised at trial (*see* CPL 470.05 [2]; *People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]; *People v*

*Jenkins*, 300 AD2d 751, 753 [2002], *lv denied* 99 NY2d 615 [2003]). In any event, while we do not condone the prosecutor's characterizations, they were not so pervasive or egregious as to deprive defendant of a fair trial (*see People v Erwin*, 236 AD2d 787, 787 [1997], *lv denied* 89 NY2d 1011 [1997]; *People v Johnson*, 213 AD2d 791, 795 [1995], *lv denied* 85 NY2d 975 [1995]).

We are, however, persuaded that the particular circumstances of this case warrant reduction of defendant's sentence, in the interest of justice, to a prison term of eight years (*see* CPL 470.15 [6] [b]; 470.20 [6]; Penal Law § 70.02 [1] [a]; [3] [a]; *see e.g. People v Strawbridge*, 299 AD2d 584, 594 [2002], *lvs denied* 99 NY2d 632 [2003], 100 NY2d 599 [2003]). In so doing, we have considered several mitigating factors, including defendant's youth, his lack of any criminal history, and his documented impaired emotional and mental health (*see* CPL 390.30; *People v Nickel*, 14 AD3d 869, 872 [2005]; *People v Mendoza*, 300 AD2d 824, 825 [2002], *lv denied* 99 NY2d 617 [2003]).

Finally, defendant's unpreserved challenge to the racial composition of the jury panel cannot be reviewed on this record (*see* CPL 270.10 [2]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a prison term of eight years, and, as so modified, affirmed.