■ The People of the State of New York, Respondent, v Scott S. Varden, Appellant. [823 NYS2d 597]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 15, 2005, upon a verdict convicting defendant of the crime of criminal mischief in the second degree.

Defendant was indicted for criminal mischief in the second degree as a result of having destroyed or damaged trees, shrubs and other plantings on residential property that he leased from a landlord. Following a jury trial at which the landlord testified that he had expressly forbidden defendant from cutting down or uprooting the landlord's plantings, defendant was found guilty of criminal mischief in the second degree. After a restitution hearing, County Court sentenced him and imposed restitution in the amount of $6,000. Arguing solely that he was denied the effective assistance of counsel, defendant now appeals.

Defendant contends that his counsel ineffectively pursued the supposed defense that his conduct did not rise to the level of criminal activity and should have been litigated only as a civil dispute between tenant and landlord. Defendant cites no legal authority in support of this contention, and we are unpersuaded. Penal Law § 145.10 provides that "[a] person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars." Certainly, in other circumstances, a tenant may have the right to alter the premises or reasonably believe that he or she has that right and escape criminal liability. Here, however, the terms of the lease did not

give defendant the right to cut down or destroy the landlord's plantings, and the landlord's letter prohibiting defendant from doing so undermined any claim that he reasonably believed that he had that right.

Nor can it be said that counsel was ineffective for failing to demonstrate that defendant did not have the requisite criminal intent for the crime. Counsel raised the issue of intent in both his opening and closing statements, and he also presented testimony through defendant and other witnesses that defendant's purpose in cutting, trimming and removing the landlord's plantings was to make the property safer and more aesthetically pleasing. Defendant does not now identify what additional evidence would have strengthened his defense of lack of criminal intent and, given that he had been expressly forbidden to cut or uproot plantings, it is doubtful that any evidence would have persuaded the jury that he did not intend to damage the landlord's property. Thus, by proving the elements of criminal mischief, the People showed that defendant's conduct was criminal and his counsel cannot be faulted for failing in his effort to argue to the jury that it was not.

Defendant further cites his counsel's ineffectiveness for failing to secure an expert witness concerning the cost of repairing or replacing the damaged property. The record, however, shows that, roughly two months before trial, counsel obtained County Court's permission to have an expert examine the premises and, through defendant's efforts, solicited two experts. Inasmuch as the experts were consulted and one was scheduled to testify but did not appear because his travel was delayed by a hurricane and County Court denied counsel's request for a continuance to accommodate that witness, we cannot fault counsel for failing to use diligence in securing an expert witness. We have considered the remaining instances in which defendant's counsel was allegedly ineffective and find that they, too, fail to establish that defendant did not receive meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Nickel*, 14 AD3d 869, 872 [2005], *lv denied* 4 NY3d 834 [2005]; *People v Damphier*, 13 AD3d 663, 664 [2004]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.