■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY MORINVILLE, Appellant. [849 NYS2d 791]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 12, 2005, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's allegedly improper questions during cross-examination and comments during summation constitute reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Siriani*, 27 AD3d 670 [2006]). In any event, although some of the prosecutor's remarks clearly were improper, they did not deprive the defendant of his right to a fair trial (*see People v Joseph*, 20 AD3d 435 [2005]; *People v Wilt*, 18 AD3d 971, 972-973 [2005]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.