■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD F. MILLER, Appellant. [880 NYS2d 383]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 16, 2006, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was charged with burglary in the second degree based upon statements to police in which he admitted entering the victim's apartment to steal a video game console. At the conclusion of the *Huntley* and *Sandoval* hearings, County Court denied defendant's motion to suppress his statements and ruled that the People could inquire into three prior felony convictions if he chose to testify. Following a jury trial, defendant was found guilty as charged and sentenced, as a persistent violent felony offender, to 16 years to life in prison.

While defendant raises several issues on appeal, we need address only his argument that he was denied his fundamental right to a fair trial due to the ineffectiveness of defense counsel, which we find merits reversal of his judgment of conviction. "To prevail on [such] a claim . . . , defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (*People v Flores*, 84 NY2d 184, 187 [1994] [citation omitted]). However, even where each of counsel's errors standing alone would not constitute ineffec-

tive assistance, their cumulative effect may deprive the defendant of meaningful representation (*see People v Chapman*, 54 AD3d 507, 511 [2008]; *People v Irvine*, 52 AD3d 866, 869 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Miller*, 11 AD3d 729, 730 [2004]). The record here is replete with such errors.

Defendant challenged his counsel's representation and effectiveness early on by informing County Court that counsel had had little communication with him and allegedly disclosed a privileged communication. Although the court deferred these complaints to a later proceeding, neither the court nor counsel reiterated or resolved defendant's concerns thereafter. During the *Huntley* hearing, counsel questioned the relevancy of defendant's written statement based upon its misstatement of the date of the burglary, but did not argue for suppression based upon lack of voluntariness. Nor did counsel otherwise develop the record regarding the circumstances under which the oral and written statements were given. Counsel failed to inquire about the conduct of police before the statements were made, did not ascertain when defendant was in custody, did not explore when and how defendant was advised of his *Miranda* rights, and did not challenge the voluntariness of his waiver of those rights. There also was a videotape in which defendant read his statement aloud, but the People offered no independent proof of its voluntariness. When County Court suggested that there might be a ground for excluding the videotape, counsel made no objection and failed to pursue the issues of whether it had been coerced or was redundant and prejudicial. Moreover, counsel failed to request a *Wade* hearing regarding the photo identification made by a witness.

At trial, defendant's counsel was plainly ill-prepared, giving incoherent opening and closing statements which espoused a defense that had no basis in law. Counsel persisted in pursuing that defense even after the People had convincingly refuted it and County Court termed it "silly." This strategy was not only unreasonable and destined to fail, but also raised doubts as to the competency of counsel's other tactics. The negative impact of this strategy was compounded by many other errors. Counsel conducted ineffective and incomplete cross-examination of some witnesses, and inexplicably elicited evidence which reflected badly on defendant. Counsel's questioning revealed that defendant's wife had attempted to bribe the victim, that defendant initially came to the victim's apartment to smoke marihuana and that he was being investigated by police regarding a prior incident. Notably, while counsel's objection to the mention of the prior incident was sustained, he failed to ask that the

jury be instructed to disregard it. Counsel accused the victim of perjury based solely upon inaccurate dates in her statement, a tactic that resulted in an admonition from County Court. Counsel also attempted to obtain the victim's psychiatric records even though she testified only as to her ownership of the apartment and what was taken. Further, counsel failed to object when the People bolstered the accomplice's testimony by referring to his confession during the testimony of a police officer. Finally, counsel also failed to request a jury instruction as to the voluntariness of defendant's statements to police.

Considering the totality of the circumstances, counsel's apparent lack of preparation and the absence of a strategic or other legitimate explanation for his recurring errors and omissions, we cannot say that defendant's representation was meaningful or even competent (*see People v Zaborski*, 59 NY2d 863, 865 [1983]; *People v Chapman*, 54 AD3d at 511; *People v Miller*, 11 AD3d at 730; *People v Langlois*, 265 AD2d 683, 685 [1999]). While we recognize that defendant's admissions and the accomplice's testimony are strong evidence of his guilt, his counsel's deficiencies cannot be overlooked because the harmless error doctrine is inapplicable "in cases involving substantiated claims of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 714 [1998]; *see People v Ennis*, 11 NY3d 403, 412 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]; *People v Caban*, 5 NY3d 143, 155-156 [2005]).

Inasmuch as a new trial is warranted, we need not consider defendant's remaining contentions.

Peters, J.P., Spain, Kane and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.