■ The People of the State of New York, Respondent, v Sean D. Provencher, Appellant. [900 NYS2d 766]—

---

Lahtinen, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered September 13, 2007, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree, and (2) by permission, from an order of said court, entered November 10, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On separate days over the period of about a week in September 2006, defendant allegedly stole three motor vehicles in Albany County—a 2004 GMC Envoy, a 2007 GMC Yukon, and a 2006 Ford Expedition—resulting in a six-count indictment charging three counts of grand larceny in the third degree and three counts of criminal possession of stolen property in the third degree. He pleaded guilty in May 2007 to one count of grand larceny in the third degree regarding the 2004 GMC Envoy, and agreed to a sentence of 3½ to 7 years as a second felony offender. His sentencing was adjourned in July 2007 when he informed County Court that he had filed a CPL article 440 motion challenging his prior felony conviction. That motion was denied in August 2007 by Supreme Court (Lamont, J.), and defendant was sentenced in September 2007 by County Court (Breslin, J.) to the agreed-upon prison term. In October 2008, he made a CPL 440.10 motion seeking to have the September 2007 judgment of conviction vacated. The motion was denied without a hearing. Defendant appeals from his judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

We are unpersuaded by defendant's argument that County Court erred in not conducting a hearing pursuant to CPL 400.21 when he challenged the constitutionality of his prior felony conviction. Where a defendant raises a constitutional issue at sentencing regarding a prior felony, the court must "ascertain the nature of [the defendant's] challenge and . . . afford [the defendant] the opportunity to specify the basis therefor" (*People v Pierre*, 30 AD3d 897, 897 [2006]). When faced with a sufficiently controverted prior felony, the court must conduct a hearing (*see* CPL 400.21 [5], [7]). Here, County Court adjourned defendant's sentencing date upon learning that he had filed a CPL article 440 motion in Supreme Court (where he had pleaded guilty to the prior felony in February 2006), challenging his prior felony conviction as being violative of double jeopardy. Thereafter, Supreme Court rendered a written decision noting a potential problem with a misdemeanor conviction from Rens-

selaer County. However, the validity of the misdemeanor conviction was not before Supreme Court and, even if defective, would not have changed defendant's status as a second felony offender. Supreme Court found the felony conviction from Albany County to be proper and denied defendant's motion in August 2007. When he appeared again for sentencing before County Court in September 2007, he continued to assert a constitutional defect in the prior felony and County Court permitted him to set forth his position. There was no need for a factual hearing since he was essentially seeking to reargue the unfavorable ruling he had received from Supreme Court (*see People v Daley*, 302 AD2d 745, 746-747 [2003]).

Defendant also contends that his pro se CPL article 440 motion made in October 2008 should not have been denied without a hearing. Most of the many grounds set forth in defendant's motion are comprised of a conclusory listing of purported errors that are unsupported by factual allegations in his affidavit and, accordingly, no hearing was necessary (*see People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]). County Court addressed in its written decision the argument, discernible from the motion papers, in which defendant contended that his May 2007 plea should be vacated on a double jeopardy ground different from the double jeopardy assertion he had made at sentencing. The argument in the CPL article 440 motion was premised upon the fact that he had also pleaded guilty in Saratoga County to a charge arising from his possession of one of the vehicles he had stolen in September 2006 in Albany County, although the Saratoga County charge involved a vehicle (2007 GMC Yukon) for which the charge in Albany County had been dismissed. County Court, which had handled the plea and sentencing, noted its familiarity with the charges in both counties and, importantly, set forth that the Albany County plea preceded the Saratoga County plea. Hence, even assuming a viable double jeopardy argument exists regarding these two convictions, it would have to be directed at the latter conviction in Saratoga County, and there is nothing in this record (or in the separate appeal pending in this Court from the Saratoga County conviction) indicating that defendant has asserted such an argument in Saratoga County. Nor was there any reason, in light of the uncontested relevant facts and the court's knowledge of the history of the case, to hold a hearing (*see People v Robetoy*, 48 AD3d 881, 883 [2008]). Indeed, defendant's counsel acknowledges on appeal that the Albany County plea was entered first and, thus, County Court correctly concluded that there was no double jeopardy issue as to the Albany County conviction.

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment and order are affirmed.