■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN W. ELWOOD, Appellant. [915 NYS2d 694]—

Stein, J. Appeals (1) from a judgment of the County Court of Chenango County (Sullivan, J.), rendered January 25, 2008, upon a verdict convicting defendant of the crimes of burglary in the first degree (three counts), criminal use of a firearm in the first degree and petit larceny, and (2) by permission, from an order of said court, entered December 2, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

One evening while the victim was sleeping, defendant and Stephen Ohl broke down the door and entered the victim's home. When they encountered the victim, Ohl hit her in the head, causing her to fall to the floor. Ohl then lifted her off the floor and steered her into the living room to a sofa bed. Both Ohl and defendant stole cash from the victim's purse and Ohl sexually assaulted the victim while defendant stood by with an AK-47 rifle in his hand. According to the victim, defendant asked if there was any more money and where all the telephones were in the home. Defendant pulled the telephone cords out of the walls and Ohl used them to tie up the victim.

Ohl and defendant were eventually located and defendant gave an oral and written confession to the police. Defendant was charged in a 10-count indictment with predatory sexual assault, four counts of burglary in the first degree, rape in the first degree, criminal sexual act in the first degree, criminal use of a firearm in the first degree, robbery in the first degree and petit larceny. During the course of the ensuing jury trial, County Court dismissed one count of burglary and the count of robbery

in the first degree. The jury found defendant guilty of three counts of burglary in the first degree, criminal use of a firearm in the first degree and petit larceny and acquitted him of the remaining counts charged in the indictment. Defendant was sentenced to concurrent prison terms of 20 years with five years of postrelease supervision for each of the three burglary convictions and the conviction of criminal use of a firearm. In addition, defendant was sentenced to one year in jail for the petit larceny conviction, to run concurrently with the other sentences. County Court denied defendant's subsequent CPL 440.10 motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

Defendant correctly argues that the charge of criminal use of a firearm in the first degree constitutes a noninclusory concurrent count of burglary in the first degree and, accordingly, should have been dismissed. The charge of criminal use of firearm in the first degree required proof that defendant committed a class B felony and displayed what appeared to be a firearm (*see* Penal Law § 265.09 [1] [b]). Defendant was also charged with and convicted of burglary in the first degree based upon the display of the same weapon (*see* Penal Law § 140.30 [4]). Inasmuch as the charge of criminal use of a firearm in the first degree "was subsumed by the elements of the burglary in the first degree charge" (*People v Hendrie*, 24 AD3d 871, 876 [2005], *lv denied* 6 NY3d 776 [2006]), defendant's conviction of criminal use of a firearm in the first degree must be reversed and the sentence imposed thereon vacated (*see People v Brown*, 67 NY2d 555, 560-561 [1986], *cert denied* 479 US 1093 [1987]).

However, contrary to defendant's contention, we are satisfied that the remaining charges of which defendant was convicted were supported by legally sufficient evidence and were in accord with the weight of the evidence. The victim identified defendant as one of the two men who broke down the door and entered her home while she was sleeping. The victim further testified that defendant stood by holding a weapon while Ohl sexually assaulted her, and that defendant stole money from her and ripped telephone cords from the walls, which Ohl used to tie her up. Defendant's pretrial confession to the police was also received in evidence. In addition, Ohl testified as to defendant's role in the crimes. While defendant's testimony at trial differed from that of the victim and from his previous statements to the police, the jury clearly rejected his version of the events as related at trial. Viewing the evidence in the light most favorable to the People, we find a valid line of reasoning and evidence to

support the elements of burglary in the first degree and petit larceny (*see* Penal Law § 140.30 [2], [3], [4]; Penal Law § 155.25; *People v Acosta*, 80 NY2d 665, 672 [1993]; *People v Haskell*, 68 AD3d 1358, 1359 [2009]). Moreover, while a different verdict would not have been unreasonable, considering the evidence in a neutral light and according deference to the jury's credibility assessments, made after an opportunity to hear the witnesses' testimony and observe their demeanor, we find that defendant's convictions were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Johnson*, 70 AD3d 1188, 1189-1190 [2010]; *People v Lane*, 47 AD3d 1125, 1126 [2008], *lv denied* 10 NY3d 866 [2008]).

Defendant's challenges to his convictions based upon various claimed errors by County Court were not preserved for our review (*see People v Bonaparte*, 78 NY2d 26, 32 [1991]; *People v Edwards*, 69 AD3d 755, 755 [2010], *lv denied* 15 NY3d 749 [2010]; *People v Schwing*, 9 AD3d 685, 686 [2004], *lv denied* 3 NY3d 742 [2004]; *People v Williams*, 8 AD3d 963, 964 [2004], *lv denied* 3 NY3d 683 [2004], *cert denied* 543 US 1070 [2005]). Nor are we persuaded that defendant was deprived of the effective assistance of counsel by reason of counsel's failure to preserve such challenges. To begin with, defendant was not entitled to a perfect trial and the record does not support a finding that defendant was deprived of a fair trial (*see People v Butler*, 273 AD2d 613, 615, 616 [2000], *lv denied* 95 NY2d 933 [2000]). Furthermore, defense counsel made appropriate pretrial motions, consistently set forth a reasonable defense theory, extensively cross-examined the People's witnesses and made appropriate trial motions. Notably, defense counsel was able to secure dismissal of two counts of the indictment and acquittal of three of the eight counts submitted to the jury. Under all of the circumstances, we are satisfied that defendant received meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Lee*, 66 AD3d 1116, 1120 [2009]; *People v Brown*, 62 AD3d 1089, 1091-1092 [2009], *lv denied* 13 NY3d 742 [2009]).

We find no support in the record for defendant's contentions that his sentence was enhanced as a result of his decision to proceed to trial rather than enter into a plea agreement and that it was harsh and excessive. The fact that defendant's sentence was greater than that of his codefendant does not substantiate his claim that he was improperly punished for going to trial (*see People v Roberts*, 301 AD2d 756, 757 [2003]). Moreover, given the heinous nature of the crime and defend-

ant's lack of remorse, the sentence imposed was not an abuse of discretion and there are no extraordinary circumstances that would warrant a reduction thereof (*see People v Bush*, 75 AD3d 917, 920 [2010], *lv denied* 15 NY3d 919 [2010]; *People v Roberts*, 301 AD2d at 757).

Finally, County Court did not abuse its discretion in denying defendant's CPL article 440 motion without a hearing. Defendant's motion papers included only his own affidavit—alleging that he had informed his attorney during voir dire that he had previously worked with one of the jurors, who held a grudge against him, but that his attorney ignored such information—and were bereft of any additional proof to support his allegations. Notably, the juror in question stated during voir dire that he did not recognize any of the people involved in the case and it appears that defendant was present at the bench when counsel agreed to seat such juror. Under these circumstances, County Court's denial of the motion without a hearing was a proper exercise of its discretion (*see People v Provencher*, 72 AD3d 1124, 1126 [2010]; *People v Hendrie*, 24 AD3d at 875).

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of criminal use of a firearm in the first degree under count eight of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed. Ordered that the order is affirmed.