■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLUSEYI KUFORIJI, Also Known as AKON, Appellant. [931 NYS2d 433]—

Spain, J.

As a result of an investigation conducted by the United States Secret Service and the Town of Colonie Police Department into suspected passing of counterfeit currency to area businesses, a search warrant was executed at defendant's residence and defendant was taken into custody by the City of Albany Police Department. While in police custody, defendant was discovered eating what police officers believed to be counterfeit paper currency. An unsuccessful struggle to extract the paper from defendant's mouth, and subsequent search of defendant's jacket which uncovered four $10 counterfeit bills, led to defendant's indictment for four counts of criminal possession of a forged instrument in the first degree and one count of tampering with physical evidence. After a jury trial, defendant was acquitted of the tampering with evidence charge, convicted of the four counts of criminal possession of a forged instrument and sentenced to a prison term of 3 to 9 years on each count, to run concurrently. Defendant now appeals, arguing that he is entitled to a new trial because he was denied meaningful representation.

We affirm. A defendant receives the effective assistance of counsel when the representation is "meaningful" (*People v Benevento*, 91 NY2d 708, 712 [1998] [internal quotation marks omitted]; *see People v Baldi*, 54 NY2d 137, 147 [1981]), which requires consideration of "the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d at 714; *see People v Elwood*, 80 AD3d 988, 990 [2011], *lv denied* 16 NY3d 858 [2011]). Furthermore, to establish ineffective assistance of counsel, "a defendant must 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]).

Defendant does not contend that defense counsel committed a single error which, standing alone, would demonstrate a lack of meaningful representation but, rather, asserts that ineffective assistance of counsel is evident by considering the totality of the circumstances. First, defendant points to counsel's admission, at the suppression hearing, that he was unfamiliar with a recent case out of the Appellate Division, Fourth Department, pertaining to the right to counsel about which County Court inquired. Defendant asserts that counsel should have worked to distinguish the facts of that case from the instant case in order to discourage County Court from relying upon it, but offers no clear suggestion for how the case might have been successfully distinguished. Further, in light of counsel's other efforts to suppress his statements to police officers, including his examining and cross-examining witnesses at the suppression hearing and submitting a memorandum of law on the matter, we conclude that defendant received meaningful representation at the suppression hearing (*see People v Wright*, 256 AD2d 643, 646-647 [1998], *lv denied* 93 NY2d 880 [1999]; *People v Herr*, 161 AD2d 1031, 1033 [1990], *lv denied* 76 NY2d 858 [1990]).

Next, defendant challenges counsel's failure to object to a juror who admitted that he had personal experience with counterfeit money. At the conclusion of the first day of trial, a juror came forward and explained to County Court in front of the People and defense counsel that, two years prior to the trial, he had come in contact with counterfeit currency and turned it over to the police. County Court and the People inquired of the juror if he could remain fair and impartial in light of this revelation, and the juror responded that this previous experience would not play any part in his consideration of the case. Based on the assurances received from the juror of his ability to remain fair and impartial, we find no error in defense counsel's failure

to conduct a deeper inquiry before consenting that the juror remain on the jury (see People v Molano, 70 AD3d 1172, 1176-1177 [2010], lv denied 15 NY3d 776 [2010]).

Next, while defendant criticizes counsel's assertion to the jury in his opening statement that "it would seem this is a pretty [solid] case and pretty simple case," defendant takes the statement out of context. In fact, counsel's statement began "from what you heard from [the prosecutor] it would seem" and served as a prelude for counsel to explain that the case against defendant was not, in fact, as simple as the People attempted to portray it. Further, defense counsel's failure to object to questions posed by the People to a codefendant who had accepted a plea and testified against defendant which presumed that he was defendant's good friend was a legitimate trial strategy, given the defense theory explaining his testimony against defendant (see People v Rote, 28 AD3d 868, 870 [2006]; People v Rosado, 13 AD3d 902, 903-904 [2004], lv denied 4 NY3d 835 [2005]).

Turning to defendant's assault on counsel's cross-examination of the People's witnesses, we conclude that counsel provided meaningful representation during this stage of the trial as well. Indeed, after carefully considering the record and myriad allegations of error outlined by defendant, we find only one clear instance where counsel erred. Counsel failed to obtain the transcript of the suppression hearing that would have been necessary to impeach the trial testimony of witnesses. However, a review of the transcripts of the suppression hearing and of the trial reveals that there were no inconsistencies that could have significantly benefitted defendant. Thus, overall, we find that defense counsel provided defendant with effective assistance by zealously advocating for his client throughout the proceedings, requesting appropriate pretrial hearings and discovery and pursuing a plausible defense strategy, all of which led to defendant's acquittal on the tampering charge. Accordingly, we hold that the representation afforded defendant was meaningful at every critical stage and thus not ineffective (see People v Elwood, 80 AD3d at 990; People v King, 79 AD3d 1277, 1280 [2010], lv denied 16 NY3d 860 [2011]; People v Blanchard, 63 AD3d 1291, 1292 [2009], lv denied 13 NY3d 794 [2009]).

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.