Stein, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 19, 2010, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.
When police officer Josiah Jones arrived to investigate a trespass complaint at a residence in the City of Albany, he observed two individuals tap on the door and heard them saying “Five-O,” a term commonly used to warn others that police are nearby. After Jones and Officer Matthew Foley gained entrance into the building, they observed defendant drop something— which turned out to be a digital scale — and run upstairs. As defendant ran upstairs, objects which were later identified as rocks of crack cocaine fell from a T-shirt that he was holding. After *1099 defendant was stopped and arrested, $853 in cash was found on his person.
Defendant was thereafter indicted and, following a jury trial, was convicted of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree. He was sentenced to an aggregate prison term of seven years, to be followed by three years of postrelease supervision. Defendant now appeals and we affirm.
Defendant’s conviction was not against the weight of the evidence.* In order to convict defendant, the People were required to prove that defendant knowingly and unlawfully possessed cocaine weighing 500 milligrams or more with the intent to sell it (see Penal Law § 220.06 [5]; § 220.16 [1]), and that he knowingly possessed a scale used to weigh the cocaine under circumstances evincing his intent to unlawfully package or dispense it (see Penal Law § 220.50 [3]). In addition to the testimony of Jones and Foley as to their observations of defendant when they entered the premises, a forensic scientist identified the presence of cocaine in the rocks and in residue found on the scale that had been in defendant’s possession. Jones testified that, based on his training and experience, the amount of cocaine found— 4.3 grams — and the way in which it was broken up, together with the scale, the absence of a pipe or other means of smoking the cocaine, the $853 recovered from defendant’s person, and the fact that defendant was unemployed, indicated that the cocaine was intended to be sold and not personally used by defendant.
On the other hand, Jameer Boyd — who was also arrested at the scene — testified for the defense that the cocaine and scale belonged to him and that he threw them when the police arrived. Testifying on his own behalf, defendant’s explanation for his presence at the scene, his attempt to run from the police and his possession of $853 was that he had been gambling there. He testified that he saw Boyd weighing the cocaine and that, while at the police station, he had convinced Boyd to “own up” *1100 to possessing the drugs, notwithstanding Boyd’s repeated denials of ownership of the cocaine while at the scene. The accounts given by defendant and Boyd were in direct contrast, not only to the testimony of both police officers regarding their observations of defendant at the scene, but also to Foley’s testimony that he had chased Boyd and did not see him drop anything. Jones and another officer further testified that, after defendant communicated with Boyd at the booking station, Boyd appeared distressed and spontaneously stated to Jones that the cocaine belonged to him and not to defendant.
Even if a different finding would not have been unreasonable, when we view the evidence in a neutral light and defer to the jury’s superior position to determine witness credibility (see People v Newland, 83 AD3d 1202, 1205 [2011], lv denied 17 NY3d 798 [2011]), we find that the jury accorded the evidence its proper weight (see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Rolle, 72 AD3d 1393, 1396 [2010], lv denied 16 NY3d 745 [2011]). The identity of the cocaine and its weight are undisputed, and the evidence establishing defendant’s possession of the cocaine and the scale was overwhelming. Additionally, the requisite intent to sell can be inferred from the amount of cocaine recovered, the manner in which it was divided, the amount of money found on defendant’s person and the presence of the digital scale (see People v James, 90 AD3d 1249, 1250 [2011], lv denied 18 NY3d 958 [2012]; People v Hunter, 73 AD3d 1279, 1281 [2010]; People v Barton, 13 AD3d 721, 723 [2004], lv denied 5 NY3d 785 [2005]). Moreover, the People’s evidence was not significantly impeached by cross-examination or called into doubt by the evidence presented by defendant.
We also reject defendant’s assertion that he was denied the effective assistance of counsel. Defendant was not entitled to a perfect trial (see People v Elwood, 80 AD3d 988, 990 [2011], lv denied 16 NY3d 858 [2011]) and, in any event, has not demonstrated the absence of strategic or other legitimate explanations for counsel’s alleged deficiencies with regard to her questioning on direct examination and her failure to object to certain questions posed by the prosecutor (see People v Kuforiji, 88 AD3d 1165, 1166 [2011]). Nor does counsel’s failure to preserve defendant’s legal sufficiency argument, alone, establish ineffective assistance (see People v Elwood, 80 AD3d at 990; People v Monette, 70 AD3d 1186, 1188 [2010], lv denied 15 NY3d 776 [2010]; People v Smith, 66 AD3d 1223, 1225 [2009], lv denied 14 NY3d 773 [2010]). Moreover, defense counsel filed appropriate pretrial and posttrial motions, obtained a Sandoval compro *1101 mise, cross-examined witnesses, delivered articulate opening and closing statements and presented a cogent defense theory despite overwhelming evidence of defendant’s guilt. Viewing the evidence, the law and the circumstances of the case in totality and as of the time of the representation, we are satisfied that defendant was provided meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Nguyen, 90 AD3d 1330, 1335 [2011], lv denied 18 NY3d 960 [2012]).
Defendant’s sentence was not harsh or excessive. The fact that Boyd received a lesser sentence for the same crime does not warrant a reduction of defendant’s sentence (see People v Montgomery, 21 AD3d 1148, 1149 [2005], lv denied 5 NY3d 855 [2005]). Moreover, defendant was sentenced as a second felony offender, has a prior felony drug conviction, has not taken responsibility for his actions, was on parole at the time of this offense and has previously violated his parole. Defendant has failed to demonstrate any extraordinary circumstances or abuse of County Court’s discretion warranting a reduction of the sentence in the interest of justice (see People v Ardrey, 92 AD3d 967, 971 [2012]; People v Lettley, 85 AD3d 1447, 1448 [2011]).
We have examined the defendant’s remaining contentions and find them to be lacking in merit.
Peters, P.J., Mercure, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

 Defendant’s generalized motion for a trial order of dismissal was insufficient to preserve his challenge to the legal sufficiency of the evidence (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]; People v Malcolm, 74 AD3d 1483, 1484 n [2010], lv denied 15 NY3d 954 [2010]). However, in addressing his argument that the verdict is against the weight of the evidence, we will necessarily evaluate whether the elements of the crimes charged were adequately proven at trial (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Garcia, 79 AD3d 1248, 1250 [2010], lv denied 16 NY3d 797 [2011]; People v Jones, 79 AD3d 1244, 1246 [2010], lv denied 16 NY3d 832 [2011]).