Stein, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 12, 2009, upon a verdict convicting defendant of the crimes of burglary in the second degree, robbery in the second degree and criminal possession of stolen property in the fifth degree.
*1228 Defendant was discovered by the victim in the victim’s garage holding a pair of binoculars belonging to the victim. A fight ensued between the two men, during which defendant bit the victim’s finger. After the police arrived and secured the area, the victim’s wallet was discovered in the right front pocket of defendant’s jacket, which had come off during the altercation between defendant and the victim. According to the arresting officer, defendant made an oral admission at the scene and in the police vehicle in which he was transported to the police station. After speaking with detectives, he also signed a written statement admitting to, among other things, participating in the altercation. He was subsequently indicted for the crimes of burglary in the second degree, robbery in the second degree, criminal possession of stolen property in the fifth degree and criminal mischief in the fourth degree.
Following a Huntley hearing, County Court denied defendant’s motion to suppress his oral and written statements. A Sandoval hearing was also held, resulting in a compromise ruling permitting the People to ask defendant, on cross-examination, if he had been convicted of a felony in July 1994 and “well in excess of a dozen misdemeanor offenses” between December 1988 and May 2009. The court’s ruling precluded any further questioning regarding defendant’s prior convictions so long as he answered those questions affirmatively. Following a jury trial, defendant was acquitted of the charge of criminal mischief in the fourth degree and was convicted of the remaining charges. Prior to sentencing, the People filed a predicate felony statement along with a presentence report and requested that defendant be sentenced as a second felony offender. Defendant received a copy of the predicate felony statement and supporting documentation and admitted to the prior offense at the sentencing hearing. County Court sentenced defendant to an aggregate sentence of 14 years in prison followed by five years of postrelease supervision. Defendant now appeals and we affirm.
Defendant argues that the cumulative effect of a variety of errors on the part of his attorney deprived him of the effective assistance of counsel. A criminal defendant is not entitled to a perfect or error free trial (see People v Elwood, 80 AD3d 988, 990 [2011], lv denied 16 NY3d 858 [2011]; People v Damphier, 13 AD3d 663, 664 [2004]). Moreover, “the claim of [ineffective assistance of counsel] is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case” (People v Benevento, 91 NY2d 708, 714 [1998]; see People v Elwood, 80 AD3d at 990). Thus, a defendant *1229 receives the effective assistance of counsel “ ‘[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation’ ” (People v Benevento, 91 NY2d at 712, quoting People v Baldi, 54 NY2d 137, 147 [1981]; see People v Satterfield, 66 NY2d 796, 798 [1985]; People v Avery, 80 AD3d 982, 987 [2011], lv denied 17 NY3d 791 [2011]).
Here, defendant’s ineffective assistance claim is based on his assertions that the form of defense counsel’s questions on his cross-examination of various witnesses was improper, and counsel failed to raise proper objections during the suppression hearing and at trial, opened the door to allow the People to inquire about his prior misdemeanors contrary to County Court’s Sandoval ruling and failed to fully investigate the credibility of the victim. In our view, the record reflects that defense counsel engaged in effective cross-examination of the People’s witnesses, including impeaching the victim’s credibility on certain matters and eliciting testimony from other witnesses that was favorable to defendant. Defendant has failed to show the absence of strategic or other legitimate explanations for the form of the questions used by defense counsel on cross-examination (see People v Caban, 5 NY3d 143, 152 [2005]; People v Rivera, 71 NY2d 705, 709 [1988]; People v Dozier, 94 AD3d 1226, 1228-1229 [2012]), and counsel’s choice of the manner of questioning the People’s witnesses does not amount to ineffective assistance (see People v Benevento, 91 NY2d at 712-713; People v Kuforiji, 88 AD3d 1165, 1167 [2011]).
We are also unpersuaded that defense counsel’s failure to make certain specified objections throughout the pretrial proceedings and at trial deprived defendant of meaningful representation (see People v Singh, 16 AD3d 974, 977-978 [2005], lv denied 5 NY3d 769 [2005]; People v Damphier, 13 AD3d at 664; People v Sowizdral, 275 AD2d 473, 475-476 [2000], lv denied 95 NY2d 969 [2000]). Furthermore, while the People concede that their reference to the victim’s religious affiliation during summation was improper (see People v Woodrow, 91 AD3d 1188, 1190 [2012], lv denied 18 NY3d 999 [2012]; People v Dat Pham, 283 AD2d 952, 952 [2001], lv denied 96 NY2d 900 [2001]; People v Mercado, 188 AD2d 941, 944 [1992]), defense counsel’s failure to object to such reference did not, in and of itself, render his representation ineffective (see People v Taylor, 1 NY3d 174, 176 [2003]; People v Tonge, 93 NY2d 838, 840 [1999]; People v Moyer, 75 AD3d 1004, 1007 [2010]).
Defendant’s assertion that defense counsel erred in failing to *1230 investigate the victim’s credibility before trial is also unavailing. Inasmuch as defendant concedes that the matters which he now claims called the victim’s credibility into question occurred long after the trial, defense counsel would have had no way of knowing about them (see People v O’Halloran, 48 AD3d 978, 979 [2008], lv denied 10 NY3d 868 [2008]). In any event, defendant’s complaint in this regard involves matters outside the record and is not properly reviewable on direct appeal (see People v Muniz, 93 AD3d 871, 875 [2012]; People v Swartz, 23 AD3d 917, 918 [2005], lv denied 6 NY3d 818 [2006]).
While we agree with defendant’s assertion that counsel’s imprudent wording of a question to defendant regarding his prior misdemeanor convictions effectively opened the door for the People to inquire as to the precise number of such convictions* — 31, as opposed to “well in excess of a dozen” — the question was likely a reasonable strategy, although ultimately unsuccessful, to bring out defendant’s criminal history on direct examination in order to mitigate the more damaging effect such revelation would have had if it were elicited on cross-examination (see People v Johnson, 91 AD3d 1121, 1123 [2012], lv denied 18 NY3d 959 [2012]; People v Alcantara, 78 AD3d 721, 722 [2010], lv denied 16 NY3d 827 [2011]; People v Armstead, 186 AD2d 440, 440 [1992], lv denied 81 NY2d 760 [1992]). Moreover, although defendant’s answers to the People’s cross-examination on this subject reflected unfavorably on his credibility, defendant has not shown that counsel could have foreseen this result or “that counsel partook an inexplicably prejudicial course” (People v Benevento, 91 NY2d at 713 [internal quotation marks and citations omitted]; compare People v Zaborski, 59 NY2d 863, 865 [1983]).
Viewed in their totality, the circumstances reveal that counsel was prepared, made appropriate pretrial motions, pursued a credible defense strategy, made cogent opening and closing statements, vigorously cross-examined the People’s witnesses and obtained defendant’s acquittal of one charge. Considering all of defendant’s ineffective assistance claims, individually and cumulatively, we are satisfied that he received meaningful representation (see People v Muniz, 93 AD3d at 876; People v Fulwood, 86 AD3d 809, 811 [2011], lv denied 17 NY3d 952 [2011]; People v Elwood, 80 AD3d at 990; compare People v Webb, 90 AD3d at 1564-1565; People v Miller, 63 AD3d 1186, 1188 [2009]).
*1231 As to defendant’s contention that he was improperly sentenced as a second felony offender, his failure to raise an objection to the sufficiency of the evidence proffered by the People to support the enhanced sentencing — particularly where County Court specifically afforded defense counsel, who conferred with defendant, an opportunity to address any concerns with respect thereto — renders this issue unpreserved for appellate review (see People v McDowell, 56 AD3d 955, 955-956 [2008]; People v Robertson, 53 AD3d 791, 793 [2008], lv denied 11 NY3d 857 [2008]). To the extent that defendant argues that his sentence is illegal and, accordingly, that he is not required to preserve this issue, our review of the record reveals that, while the People’s predicate felony statement did not conform to statutory requirements, the supporting documentation was sufficient. Furthermore, inasmuch as defense counsel acknowledged at sentencing that he reviewed such documentation and defendant raised no challenges to the periods of incarceration listed therein, the requirements of CPL 400.21 (2) have been substantially met (see People v Califano, 84 AD3d 1504, 1506-1507 [2011], lv denied 17 NY3d 805 [2011]; People v Caldwell, 80 AD3d 998, 999 [2011], lv denied 16 NY3d 857 [2011]; People v Ellis, 60 AD3d 1197, 1198 [2009]).
We have considered defendant’s remaining contentions, including that his sentence was harsh and excessive, and find them to be unavailing.
Peters, P.J., Mercure, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

 Notably, counsel’s question did not result in evidence being elicited concerning the nature of, or facts underlying, defendant’s prior convictions (compare People v Webb, 90 AD3d 1563, 1564 [2011], amended 92 AD3d 1268 [2012]).