Stein, J.
Defendant was involved in a physical altercation with the *1110 victim outside a bar, during which defendant allegedly stabbed the victim with an ice pick, causing his death. Defendant was indicted for murder in the second degree and assault in the first degree. After a jury trial, defendant was found guilty as charged. Defendant now appeals and we affirm.
Defendant’s contentions regarding several alleged acts of misconduct by the prosecutor during the course of the trial and in his summation are not preserved for our review because no objections were raised with regard thereto before County Court (see CPL 470.05 [2]; People v Mosher, 94 AD3d 1231, 1233 [2012], lv denied 19 NY3d 999 [2012]; People v Westervelt, 47 AD3d 969, 974 [2008], lv denied 10 NY3d 818 [2008]). Nor do we find, after reviewing the record, that the acts complained of warrant corrective action in the exercise of our interest of justice jurisdiction. Inasmuch as there was overwhelming proof of defendant’s guilt and there is no significant probability that the jury would have acquitted defendant had it not been for the claimed errors that occurred, none of the acts — nor all taken in combination — even if improper, were so prejudicial as to deprive defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Head, 90 AD3d 1157, 1158 [2011]; People v Manning, 81 AD3d 1181, 1184 [2011], lv denied 18 NY3d 959 [2012]; People v Westervelt, 47 AD3d at 974).
We find no merit to defendant’s contention that he was denied the effective assistance of counsel. Defendant was not entitled to a perfect trial (see People v Wiltshire, 96 AD3d 1227, 1228 [2012]; People v Elwood, 80 AD3d 988, 990 [2011], lv denied 16 NY3d 858 [2011]). In any event, defendant has not demonstrated the absence of strategic or other legitimate explanations for counsel’s alleged deficiencies with regard to his questioning on direct examination and failure to object to certain questions posed, and statements made, by the prosecutor (see People v Kuforiji, 88 AD3d 1165, 1166 [2011]). Nor does counsel’s failure to preserve defendant’s prosecutorial misconduct argument establish ineffective assistance under the circumstances here (see People v Wiltshire, 96 AD3d at 1229; People v Elwood, 80 AD3d at 990).
Moreover, defense counsel engaged in proper motion practice, conducted substantial cross-examination of the People’s witnesses, thoroughly examined defendant on direct examination, made numerous timely objections and presented a cogent defense theory, despite overwhelming evidence of defendant’s guilt. Viewing the evidence, the law and the circumstances of the case in totality and as of the time of the representation, we are satisfied that defendant was provided meaningful repre *1111 sentation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Wiltshire, 96 AD3d at 1230; People v Nguyen, 90 AD3d 1330, 1335 [2011], lv denied 18 NY3d 960 [2012]; compare People v Miller, 63 AD3d 1186 [2009]).
Defendant’s remaining contentions have been examined and are unavailing.
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.