■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SHELTON C. JONES, Appellant. [955 NYS2d 694]—

Rose, J.

Defendant's challenge to the legal sufficiency of the evidence
is unpreserved for our review, as he did not move for a trial or-
der of dismissal. We will, however, necessarily evaluate whether
the elements of the crime were adequately proven as part of our
review of the weight of the evidence (*see People v Danielson*, 9
NY3d 342, 349 [2007]; *People v Harvey*, 96 AD3d 1098, 1099 n
[2012]; *People v Perez*, 93 AD3d 1032, 1038 [2012], *lv denied* 19
NY3d 1000 [2012]). Here, the CI testified that she agreed to
engage in controlled drug buys in exchange for leniency with re-
spect to felony charges pending against her. The CI knew defen-
dant from having purchased drugs from him before at the apart-
ment where defendant stayed when he was in town. The CI and
the police detective who supervised the two drug buys testified
to the procedure that they followed in preparing the CI and
transporting her to the location of the apartment. She testified
that she purchased cocaine from defendant for $55 and then
delivered it directly to the detective, who testified that he
performed a positive field test. The police laboratory test results
confirming that the substance was cocaine were stipulated into

evidence. Thus, the CI's testimony established that she purchased cocaine from defendant. Contrary to defendant's argument, the minor inconsistencies in her testimony are inconsequential and do not render it unworthy of belief or incredible as a matter of law (*see People v Arnold*, 85 AD3d 1330, 1332 [2011]; *People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]). The CI's lengthy criminal history was fully explored on cross-examination and, providing appropriate deference to the jury's ability to view the witnesses and determine their credibility, we find no basis to disturb the verdict as against the weight of the evidence (*see People v Johnson*, 91 AD3d 1115, 1117 [2012], *lv denied* 18 NY3d 959 [2012]; *People v Green*, 90 AD3d 1151, 1153-1154 [2011], *lv denied* 18 NY3d 994 [2012]; *People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]).

Defendant also contends that he was denied a fair trial due to the CI's testimony that she had purchased drugs from him at the same apartment in the past. This argument is unpreserved, however, as defendant did not object to the testimony or request any curative instructions (*see People v Burnell*, 89 AD3d 1118, 1122 [2011], *lv denied* 18 NY3d 922 [2012]; *People v Echavarria*, 53 AD3d 859, 863 [2008], *lv denied* 11 NY3d 832 [2008]). In any event, the evidence of defendant's past interactions with the CI at the same apartment was highly relevant as to identity, provided necessary context for the CI's testimony and explained why defendant was targeted by the police (*see People v Torres*, 19 AD3d 732, 734 [2005], *lv dismissed* 5 NY3d 810 [2005]; *People v Tarver*, 2 AD3d 968, 969 [2003]; *People v Diakite*, 296 AD2d 655, 656 [2002], *lv denied* 99 NY2d 535 [2002]).

In reviewing defendant's next contention that he was denied the effective assistance of counsel, we will consider whether " 'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). A defendant is not entitled to a perfect trial, and must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged deficiencies (*see People v Benevento*, 91 NY2d at 712; *People v McRobbie*, 97 AD3d 970, 972 [2012]; *People v Harvey*, 96 AD3d at 1100). Here, we cannot fault counsel's failure to make any pretrial motions because the People voluntarily disclosed all paperwork prior to trial and the police did not obtain any statements or physical evidence from defendant. Similarly, the failure to preserve the legal insufficiency argument cannot be considered to be ineffec-

tive assistance, inasmuch as a motion to dismiss at the close of the People's proof would likely have been denied in view of the CI's testimony and the laboratory analysis report (*see People v McRobbie*, 97 AD3d at 972; *People v Harvey*, 96 AD3d at 1100; *People v Hoffler*, 74 AD3d 1632, 1636 [2010], *lv denied* 17 NY3d 859 [2011]).

Nor has defendant demonstrated the lack of a strategic reason to stipulate the laboratory analysis reports into evidence, and it may well have been a plausible tactical decision to limit the People's witnesses to the CI and the detective in order to highlight the perceived weaknesses in their testimony (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Knox*, 80 AD3d 887, 889 [2011], *lv denied* 16 NY3d 860 [2011]; *People v Fancher*, 267 AD2d 770, 771 [1999], *lv denied* 94 NY2d 919 [2000]). In this regard, defense counsel vigorously cross-examined the CI, fully explored her past criminal and fraudulent behavior, impeached her with prior inconsistent statements and highlighted her motives to fabricate. Trial counsel was able to elicit inconsistencies in the testimony of the CI and the detective and, to the extent that counsel elicited damaging testimony regarding the presence of defendant's vehicle at the residence, he did so as part of a consistent, coherent strategy to establish that the detective was unable to fully observe the CI, who was portrayed as untrustworthy and capable of engaging in deceit if she had the opportunity to do so. Although counsel failed to object to the evidence of uncharged crimes or request limiting instructions, he put forth a reasonable defense theory with cogent opening and closing statements, vigorously cross-examined the People's witnesses and—significantly—secured an acquittal on one of the two charges. Accordingly, we are satisfied that defendant received meaningful representation (*see People v Wiltshire*, 96 AD3d 1227, 1228-1229 [2012]; *People v Buchanan*, 95 AD3d 1433, 1436-1437 [2012]; *People v Head*, 90 AD3d 1157, 1159 [2011]).

We have considered defendant's remaining contentions, including his claim that the *Allen* charges given to the jury were improper, and find them to be without merit.

Peters, P.J., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment and order are affirmed.