■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMY J. BUSH, Appellant. [967 NYS2d 779]—

Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 3, 2012, convicting defendant following a nonjury trial of the crime of criminal possession of a forged instrument in the second degree (two counts).

Defendant was indicted on two counts of criminal possession of a forged instrument in the second degree following her attempt to cash a fake payroll check at a store in the Town of Big Flats, Chemung County. A plea bargain was negotiated, but County Court rejected defendant's plea allocution. Defendant then waived her right to a jury trial and, after a bench trial, she was found guilty of both counts charged in the indictment. She was sentenced to concurrent terms of incarceration of one year on each count. Defendant now appeals.

We consider first defendant's argument that she did not receive the effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981] [citations omitted]; *accord People v Rivera*, 71 NY2d 705, 708 [1988]). "While a single error by defense counsel at trial generally does not constitute ineffective assistance, courts must examine defense counsel's entire representation of defendant" (*People v Oathout*, 21 NY3d 127, 131-132 [2013] [citations omitted]; *see People v Kuforiji*, 88 AD3d

1165, 1166-1167 [2011]; *cf. People v Turner*, 5 NY3d 476, 480-481 [2005]). In such regard, we frequently consider whether counsel made appropriate motions, set forth a cogent defense theory, interjected viable objections, conducted meaningful cross-examination, gave an effective summation and otherwise presented a zealous defense (*see e.g. People v Wells*, 101 AD3d 1250, 1255 [2012], *lv denied* 20 NY3d 1066 [2013]; *People v Wiltshire*, 96 AD3d 1227, 1230 [2012]; *People v Muller*, 57 AD3d 1113, 1115 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Lowin*, 36 AD3d 1153, 1156 [2007], *lv denied* 9 NY3d 847 [2007]).

Here, defense counsel did not give an opening statement. The People produced five witnesses and, during their testimony, there were no objections despite some objectionable questions. The People's exhibits were received without objection, including one after proof was closed. Cross-examination, when conducted, was cursory and elicited little information that would be useful or pertinent to a defense strategy. No witnesses were called on behalf of defendant. Defense counsel's summation, which was only four sentences, started with the unhelpful comment that "the reason we are here today is because [defendant] was unable to successfully enter a plea of guilty by way of providing an adequate colloquy," and added little else other than the conclusory request for "the [c]ourt to consider this matter simply in regard to whether there is reasonable doubt."

With no opening statement, no witnesses called and a feckless summation, counsel's strategy of defense is not apparent. In addition, pretrial efforts to suppress or limit evidence—such as defendant's statement to police and evidence about uncharged conduct—were not pursued. Defense counsel undoubtedly was presented with a difficult case to defend and some of the errors, alone, would not necessarily result in ineffective assistance; however, "the cumulative effect of counsel's actions deprived defendant of meaningful representation" (*People v Arnold*, 85 AD3d 1330, 1334 [2011]; *see People v Carnevale*, 101 AD3d 1375, 1382 [2012]; *People v Miller*, 63 AD3d 1186, 1188 [2009]).

Defendant's contention that her sentence was harsh and excessive is academic.

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chemung County for a new trial.